Hon. Franklin D. Burgess

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

THE CITY OF TACOMA, a municipal
corporation of the State of Washington,

NO. CV07 – 5055 FDB

11

Plaintiff,

DEFENDANT SPECIALTY SURPLUS
INSURANCE COMPANY'S ANSWER
AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT

12
vs.
13

CLARENDON AMERICA INSURANCE
COMPANY, a Delaware corporation; and
SPECIALTY SURPLUS INSURANCE
COMPANY, an Illinois corporation,

14
15
16

Defendants.

17

18    COMES NOW defendant Specialty Surplus Insurance Company ("Specialty"), by and

19   through its undersigned counsel, and now submits this Answer and Affirmative Defenses to

20   plaintiff's Complaint.

21                    **ANSWER TO COMPLAINT**

22                        **I.  Jurisdiction**

23    1.1 – 1.3    Defendant Specialty admits the allegations contained in paragraphs 1.1,

24   1.2 and 1.3.

25

L E E · S M A R T · C O O K · M A R T I N  &  P A T T E R S O N

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1

## II.  Venue

2       2.1.    Defendant Specialty denies the allegations contained in paragraph 2.1.

3                        ### III.  Statement of Facts

4       3.1     The document speaks for itself.   To the extent an admission or denial is

5   required, defendant Specialty denies the allegations contained in paragraph 3.1.

6       3.2     Defendant Specialty has insufficient information to admit or deny the

7   allegations alleged in paragraph 3.2 and, to the extent an admission or denial is required,

8   denies the same.

9       3.3     Defendant Specialty states that the allegations contained in paragraph 3.3

10  comprise legal conclusions and not facts which must be admitted or denied; and, to the extent

11  an admission or denial is required, Specialty denies the same.

12      3.4     Defendant Specialty admits that to settle the *Brame* matter, it made payments

13  pursuant to it policy, but states that the allegations contained in paragraph 3.4 concerning the

14  legal effect of such payments is a legal conclusion and not a fact which must be admitted or

15  denied; and, to the extent an admission or denial is required, Specialty denies the same.

16      3.5     Defendant Specialty is paying 75% (seventy-five percent) of the plaintiff's

17  defense costs, fees and expenses demanded from Specialty by the plaintiff; and accordingly

18  denies that it has "failed" to pay plaintiff for "reasonable" defense costs; and, defendant

19  Specialty denies the remaining allegations contained in paragraph 3.5.

20      3.6     Paragraph 3.6 is not directed to defendant Specialty.   To the extent an

21  admission or denial is required, defendant Specialty responds that it has insufficient

22  knowledge to confirm or deny the allegations in the paragraph and therefore denies the same.

23

24

25

{1016341.DOC}
DEFENDANT SPECIALTY SURPLUS INSURANCE
COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES
(W. D. Wash. Cause No. CV07-5055 FDB) - 2

L E E · S M A R T · C O O K · M A R T I N  &  P A T T E R S O N

P.S, Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

3.7    Defendant Specialty states that the allegations contained in paragraph 3.7 comprise legal conclusions and not facts which must be admitted or denied; and, to the extent an admission or denial is required, Specialty denies the same.

## IV.   First Cause of Action - Declaratory Relief

4.1    As and for its Answer to paragraph 4.1 of the Complaint, Specialty realleges and incorporates its answers to the preceding paragraphs 1.1 to 3.7 as though fully set forth herein.

4.2    Defendant Specialty states that the allegations contained in paragraph 4.2 comprise legal conclusions and not facts which must be admitted or denied; and, to the extent an admission or denial is required, Specialty denies the same.

4.3    Paragraph 4.3 is not directed to defendant Specialty.   To the extent an admission or denial is required, defendant Specialty responds that it has insufficient knowledge to confirm or deny the allegations contained in paragraph 4.3, and therefore denies the same.

4.4    Paragraph 4.4 is not directed to defendant Specialty.   To the extent an admission or denial is required, defendant Specialty responds that it has insufficient knowledge to confirm or deny the allegations contained in paragraph 4.4, and therefore denies the same.

4.5    Defendant Specialty denies the allegations contained in paragraph 4.5.

## V.   Second Cause of Action - Breach of Contract

5.5    As and for its Answer to paragraph 5.5 of the Complaint, Specialty realleges and incorporates its answers to the preceding paragraphs 1.1 to 3.7 as though fully set forth herein.

5.6    Defendant Specialty denies the allegations contained in paragraph 5.6.

{1016341.DOC}
DEFENDANT SPECIALTY SURPLUS INSURANCE
COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES
(W. D. Wash. Cause No. CV07-5055 FDB) - 3

L E E · S M A R T · C O O K · M A R T I N  &  P A T T E R S O N
P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

5.7    Defendant Specialty is paying 75% (seventy-five percent) of the fees, costs, and expenses demanded by the City in the *Brame* matter; Specialty denies the remaining allegations contained in paragraph 5.7 as an issue in dispute is whether the remaining the fees, costs, and expenses demanded by the City are reasonable.

5.8    Defendant Specialty denies the allegations contained in paragraph 5.8.

5.9    Paragraph 5.9 is not directed to defendant Specialty.   To the extent an admission or denial is required, Specialty responds that it has insufficient knowledge to confirm or deny the allegations in the paragraph, and therefore denies the same.

5.10   Paragraph 5.10 is not directed to defendant Specialty.   To the extent an admission or denial is required, Specialty responds that it has insufficient knowledge to confirm or deny the allegations in the paragraph, and therefore denies the same.

5.11   Paragraph 5.11 is not directed to defendant Specialty.   To the extent an admission or denial is required, Specialty responds that it has insufficient knowledge to confirm or deny the allegations in the paragraph, and therefore denies the same.

5.12   Paragraph 5.12 is not directed to defendant Specialty.   To the extent an admission or denial is required, Specialty responds that it has insufficient knowledge to confirm or deny the allegations in the paragraph, and therefore denies the same.

To the extent that Specialty has not expressly responded to any allegations in the Complaint, all such allegations are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant Specialty asserts the following defenses and affirmative defenses to the plaintiff's Complaint:

1.    The Complaint fails to state a claim upon which relief can be based.

L E E · S M A R T · C O O K · M A R T I N  &  P A T T E R S O N

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

2.      The plaintiff's action is barred by plaintiff's failure to cooperate with Specialty in its investigation concerning whether the fees, costs and expenses plaintiff has demanded from Specialty in association with the *Brame* case were reasonable.

3.      Plaintiff has failed to mitigate its damages.

4.      Plaintiff's demand for attorney's fees and costs is not supported by the express terms of the policy.

5.      The sole and proximate cause of the plaintiff's alleged injuries were the acts and omissions of persons or entities other than defendant Specialty over whom it had no control and for whom it bears no responsibility.

6.      Defendant Specialty has not refused to pay attorney's fees and costs.  Specialty has not breached the contract and, thus, a condition precedent to the plaintiff's request for relief based upon breach of contract has not been satisfied.

7.      Plaintiff's equitable claims are barred since there exists an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, defendant Specialty Surplus Insurance Company respectfully prays for relief as follows:

1.      That plaintiff's Complaint is dismissed with prejudice;

2.      That Specialty is awarded its costs and attorney's fees in defense of this action, as allowed by law;

3.      That the Court award such other and further relief in favor of Specialty and against plaintiff as it deems just and equitable.

//

//

{1016341.DOC}
DEFENDANT SPECIALTY SURPLUS INSURANCE
COMPANY'S ANSWER AND AFFIRMATIVE
DEFENSES
(W. D. Wash. Cause No. CV07-5055 FDB) - 5

**LEE · SMART · COOK · MARTIN & PATTERSON**

P.S., Inc. · Pacific Northwest Law Offices
1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944

1    DATED this 13th day of February, 2007.

2                                    LEE SMART COOK MARTIN &
                                     PATTERSON, P.S., INC.
3

4

5    By: _____/s/ Joel E. Wright_____
        Joel E. Wright, WSBA No. 8625
6        jw@leesmart.com
         William R. Kiendl, WSBA No. 23169
7        wrk@leesmart.com
         Of Attorneys for Defendant
8        Specialty Surplus Insurance Company

9

10                  **DECLARATION OF SERVICE**

11        The undersigned declares under penalty of perjury under the laws of the State of

12   Washington that on February 13, 2007, I electronically filed the foregoing pleading with the

13   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

14   following:

15       M. Joseph Sloan Jr.
         Office of the City Attorney
16       Administration Building
         3628 South 35th Street
17       P.O. Box 11007
         Tacoma  WA  98411
18       joseph.sloan@ci.tacoma.wa.us

19
                                     LEE, SMART, COOK, MARTIN
20                                   & PATTERSON, P.S., INC.

21

22   By: _____/s/ William R. Kiendl_____
        William R. Kiendl, WSBA No. 23169
23       wrk@leesmart.com
         Of Attorneys for Defendant
24       Specialty Surplus Insurance Company

25

{1016341.DOC}
DEFENDANT SPECIALTY SURPLUS INSURANCE                    **L E E · S M A R T** · C O O K · M A R T I N  &  P A T T E R S O N
COMPANY'S ANSWER AND AFFIRMATIVE                         _____
DEFENSES                                                 P.S., Inc. · Pacific Northwest Law Offices
(W. D. Wash. Cause No. CV07-5055 FDB) - 6                1800 One Convention Place · 701 Pike Street · Seattle · WA · 98101-3929
                                                         Tel. 206.624.7990 · Toll Free 877.624.7990 · Fax 206.624.5944